[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13624

Non-Argument Calendar

_____

EALAILA CONARD,

Plaintiff-Appellant,

*versus*

CHANEL, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03784-MLB

_____

Before LUCK, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Ealaila Conard, proceeding *pro se*, appeals the district court's dismissal of her complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), in her suit against her former employer, Chanel Inc. ("Chanel"), alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* After careful review, we affirm.[1]

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In her *pro se* complaint, filed in September 2022, Conard, a former retail store employee, alleged that Chanel had adopted a discriminatory COVID-19 policy during the pandemic which required her to get vaccinated despite her objections to doing so. Conard alleged the policy applied to all employees and did not permit individualized assessments. Under Chanel's policy, Conard was required to wear a mask in her workplace and ordered to test herself for COVID-19 after one of her coworkers tested positive for COVID-19. Then, in September 2021, Chanel altered its policy and ordered Conard and other employees to become vaccinated by November 8, 2021. Conard sought a "religious exemption"—or accommodation—from Chanel's policy and identified her religion and the ADA as the bases for her request. After a meeting with store management, Conard's request was denied. Conard was

---

[1] We write only for the parties, so, as to any issues that we do not mention explicitly, we affirm without discussion.

23-13624                Opinion of the Court                3

terminated in November 2021 after she failed to get vaccinated. Conard alleged that Chanel admitted that her "refus[al]" to comply with "their COVID-19 [p]olicy w[as] the direct cause of the termination of her employment." This suit followed.

In her lawsuit, Conrad did not raise a religious discrimination or failure to accommodate claim.[2] Instead, she presented an ADA discrimination claim and an ADA retaliation claim against Chanel. Her discrimination claim rested on two disparate impact theories: (1) that Chanel regarded her unvaccinated status as a disability; and (2) that Chanel treated her (or had a record of her) as being disabled for being unvaccinated. *See* 42 U.S.C. § 12102(1) (defining "disability" to mean "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a *record of such* an impairment; or (C) *being regarded as having such* an impairment . . . ." (emphasis added)). Relatedly, she asserted that Chanel's COVID-19 policy was unlawful, applied disproportionally, and violated various ADA regulations. As to her retaliation claim, she argued that her refusal to get vaccinated was a protected activity and that Chanel's decision to terminate her for failing to do so was retaliatory.

---

[2] Before the district court, Conard affirmatively waived any argument that Chanel was liable on a failure-to-accommodate theory. *See United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (*en banc*) ("[I]f a party affirmatively and intentionally relinquishes an issue, then courts must respect that decision.").

Chanel moved to dismiss the complaint. A magistrate judge recommended the motion be granted in a report and recommendation ("R&R"), which the district court later adopted. The R&R first determined that "failing to get vaccinated" was not a disability under the ADA, 42 U.S.C. § 12102(1)(A), and that nothing in the complaint showed that Chanel "regarded [her] as having" a disability or that Conard had a "record of" a disability, *id.* § 12102(1)(B), (C). Second, the R&R concluded that, because refusing to get vaccinated was not a protected activity, Conard could not maintain an ADA retaliation claim. The R&R explained that each of the adverse actions Conard described, including her termination, were not "causally connected to her opposition of [Chanel's COVID-19] policy, as opposed to being the established consequences for failing to comply with the policy." The R&R also rejected Conard's contentions that Chanel's policy was an unlawful non-job-related medical inquiry or examination, or a violation of the ADA's confidentiality provision. Finally, the R&R determined that any amendment to Conard's complaint would be futile.

The district court adopted the R&R and Conard timely moved, under Fed. R. Civ. P. 59, for reconsideration. The district court denied that motion, and Conard timely appealed.[3]

---

[3] Chanel argues that Conard's appeal should be limited to the denial of her motion for reconsideration because that is the order she identified in her notice of appeal. However, Chanel is mistaken on this point. *See* Fed. R. App. P. 3(c)(5), (B) ("In a civil case, a notice of appeal encompasses the final judgment . . . if the notice designates . . . an order described in Rule 4(a)(4)(A)."). Therefore, we will review both orders.

## II. STANDARD OF REVIEW

We review the dismissal of a complaint for failure to state a claim *de novo*, "accepting the factual allegations in the complaint as true, and construing them in the light most favorable to the plaintiff." *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1363 (11th Cir. 2024) (alterations adopted) (quoting *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.,* 917 F.3d 1249, 1260 (11th Cir. 2019) (*en banc*)).  In doing so, we liberally construe *pro se* filings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).[4]

## III. DISCUSSION

Even under the most liberal construction of Conard's complaint and her brief on appeal, we discern no reversible error in the R&R and affirm the dismissal of Conard's suit.

"To state a claim under the ADA, the plaintiff must establish: (1) that [s]he is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, activities, or otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019).  Conard's argument that Chanel discriminated against her for being unvaccinated does not present a claim for

---

[4] Conard's challenges on appeal could be properly reviewed for plain error only, as she did not timely respond to the magistrate judge's R&R.  *See* 11th Cir. R. 3-1.  However, because her appeal fails under *de novo* review in any event, we need not decide whether her objections are properly preserved.

disparate treatment under the ADA because Conard's complaint does not allege that she was actually disabled under the ADA in the first place. *See* 42 U.S.C. § 12102(1).

Before the district court and on appeal, Conard primarily has argued that she was treated as having the potential of contracting or transmitting COVID-19, but this does not amount to having a disability under the ADA. *See Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315-16 (11th Cir. 2019). In *STME*, a plaintiff was terminated after stating she planned to take a trip to Ghana because her manager worried that she would bring the Ebola virus back from her trip. *Id.* at 1311. We rejected the contention that this violated the ADA, however, and explained that an employee has a disability under the ADA when that employee "actually has, or is perceived as having, an impairment that is not transitory and minor." *Id.* at 1314. Being perceived as having the possibility of developing a communicable impairment in the future is insufficient. *See id.* Applying that principle here, Conard's complaint neither alleged that she had a disability, nor that she had a record of having a disability, nor that she was regarded as having as a disability. 42 U.S.C. § 12102(1)(A), (B), (C); *STME*, 938 F.3d at 1315-16. Accordingly, we affirm the district court's dismissal of the ADA discrimination claim.

We also agree with the R&R that Conard's retaliation claim fails. The ADA prohibits retaliation against "any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a

charge . . . under [the ADA]." 42 U.S.C. § 12203(a). To support a retaliation claim under the ADA, a plaintiff must at least plausibly allege that (1) she engaged in a statutorily protected conduct, (2) she suffered an adverse action, and (3) there was a causal link between the adverse action and her protected conduct. *See Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). Here, the adverse actions that Conard suffered were not "because" of any protected activity. Instead, as Conard's complaint makes clear, Chanel terminated her because she refused to comply with Chanel's company-wide vaccination policy. *Id.* On appeal, Conard contends that the policy was disproportionally applied to those who sought to opt out, but that argument is circular—the policy also applied to those who abided by it. Conard's argument that she became part of a class of employee-objectors that were treated differently than another class of employees (employees who complied), fails for the same reason: Chanel's policy was created before Conard objected and was enforced against all employees. Under the policy, termination was appropriate for *any* employee of either class who was not vaccinated and did not receive an exception. Thus, even if Conard reasonably thought Chanel's policy violated the ADA,[5] Chanel did not terminate Conard because she requested an exemption or opposed the policy—it terminated her for failing to comply with the policy. Thus, Conard's ADA retaliation claim also fails.

---

[5] To the extent that Conard argues that Chanel's COVID-19 policy was unlawful under the ADA, she cites no caselaw that supports that contention.

Because the district court properly dismissed Conard's complaint, we also discern no abuse of discretion in denying her motion for reconsideration. *See PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (explaining that reconsideration under Fed. R. Civ. P. 59(e) is only warranted when a movant shows newly discovered evidence or manifest errors of law or fact).

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's dismissal of Conard's case.